Kimberly Register Attorney City of Lake Worth Code Enforcement Board Fort Lauderdale
QUESTION:
Does a city commission have the authority to reduce a fine that is imposed by a local code enforcement board pursuant to s. 162.09, F.S.?
SUMMARY:
A city commission does not have the authority to reduce a fine that is imposed by a local code enforcement board pursuant to s.162.09, F.S.
Part I of Ch. 162, F.S., the Local Government Code Enforcement Boards Act (act), seeks to provide "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1] To accomplish this purpose, the act authorizes the creation of administrative boards with the authority to impose administrative fines and other noncriminal penalties.[2]
Thus, the act grants the governing body of a county or municipality the option of creating (or abolishing) one or more code enforcement boards which possess the powers and duties prescribed by the act. If a county or municipality utilizes the enforcement mechanism and procedures provided in Ch. 162, F.S., however, it must accept the prescribed procedures set forth in the act.[3] This office, therefore, has stated that a local government, or its governing body, derives no delegated authority from Ch. 162, F.S., to enforce its codes other than as provided in that chapter.[4] In addition, it derives no home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to impose any requirements on such boards or otherwise regulate the statutorily prescribed enforcement procedures.[5]
Section 162.09, F.S., authorizes the imposition of an administrative fine by a code enforcement board, upon notification by the code inspector that an order of the board has not been complied with by the set time or upon finding that a repeat violation has been committed.[6] The fine may not exceed 250 per day for a first violation and may not exceed 500 per day for a repeat violation.[7] In determining the amount of the fine, s. 162.09(2)(b), F.S., provides that the code enforcement board shall consider the following factors:
 1. The gravity of the violation; 2. Any actions taken by the violator to correct the violation; and 3. Any previous violations committed by the violator.
The code enforcement board, however, is expressly granted the authority to reduce a fine imposed pursuant to s. 162.09, F.S.[8]
Section 162.09(3), F.S., provides:
A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but such order shall not be deemed a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever occurs first. After 3 months from the filing of any such lienwhich remains unpaid, the enforcement board may authorize thelocal governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this part may be foreclosed on real property which is a homestead under s. 4, Art. X of the State Constitution. (e.s.)
I am not aware of any provision in Part I, Ch. 162, F.S., which authorizes the governing body of a municipality to reduce a fine imposed by the code enforcement board.[9] Rather it is the code enforcement board that imposes the fine and has been given the express statutory authority to reduce the fine. In addition, it is the code enforcement board, not the governing body of a municipality, that is empowered to authorize the foreclosure of the lien after three months from the filing of a lien which remains unpaid.
In light of the above, I am of the opinion that the city council does not possess the authority to reduce a fine imposed by a code enforcement board pursuant to Part I, Ch. 162, F.S.
RAB/tjw
[1] Section 162.02, F.S.
[2] Id. In light of s. 1, Art. V, State Const., and s. 18, Art. I, State Const., this office has stated that the enactment of Ch. 162, F.S., was necessary for the creation of administrative enforcement procedures and the imposition of administrative fines. See, e.g., AGO's 89-83 and 89-16.And see, s. 1, Art. V, State Const. (administrative bodies established by law may be granted quasi-judicial powers in matters connected with the functions of their office), and s. 18, Art. I, State Const. (no administrative agency shall impose a sentence of imprisonment or any other penalty except as provided by law).
[3] Cf., Part II, Ch. 162, F.S., which provides a supplemental method of enforcing county or municipal codes; and s.166.0415, F.S.
[4] Attorney General Opinions 89-16, 85-33, and 84-55.
[5] See, e.g., AGO's 86-10, 85-84, 85-27, and 85-17.
[6] Section 162.09(1), F.S.
[7] Section 162.09(2)(a), F.S.
[8] This office has informally stated that the mayor of a municipality has no authority under Ch. 162, F.S., or Ch. 166, F.S., the Municipal Home Rule Powers Act, to compromise or settle or otherwise change or effect a lien imposed by the municipal code enforcement board pursuant to Ch. 162, F.S.
[9]See, Inf. Op. to Ilene Liberman, dated June 2, 1988.